## OHIO COURTS OF APPEALS—Continued

### No. 757

### EVERETT v. HOPLEY PRINTING CO

Ohio Appeals, 3rd District, Crawford County
No. 911. Decided July 19, 1923

This opinion has not been published except in Abstract.

#### PRACTICE.

Continuance—Discretionary with trial court—Unless abuse of discretion is party's prejudice—New trial not to be ordered because of imprisonment in penitentiary of party asking for, when case was heard.

HUGHES, J.

##### Epitomized Opinion

Action in libel. When the case was assigned for trial Everett was imprisoned in the penitentiary, serving an indeterminate sentence. When the case came for trial two weeks later, a motion for a continuance was made by him and supported by an affidavit, setting forth the fact of his imprisonment and that it was necessary for him to be present at the trial to advise with his counsel, pass judgment upon the jurors as they were selected, and attend to other things incidental to the trial. The motion was overruled and the court ordered that the case proceed to trial. Thereupon Everett refused to offer any evidence in the case and judgment was rendered against him. In affirming the judgment the Court of Appeals held:

1. "It is well settled by the authorities that a motion of this kind is directed to the judicial discretion of the trial court, and unless there has been an abuse of this discretion and it is shown that the abuse of discretion operated to the prejudice of the party in the final determination of the case, a reviewing court will not order a new trial."

2. "In this case, however, the plaintiff refused to offer any testimony. If his evidence had been offered, the jury might have returned him a verdict, notwithstanding his absence from the trial table, and in such event there could have been no prejudice. Holt v. State, 11OS. 691. Under such circumstances it cannot be said that the overruling of the motion resulted in any prejudice to the plaintiff."

Attorneys—C. Gallinger, for Everett; B. Meck, for Hopley Printing Co.

---

### No. 758

### KOHL v. CRUM

Ohio Appeals. 3rd District, Crawford County
No. 976. Decided July 13, 1923

This opinion has not been published except in Abstract.

#### 82. CHARGES TO JURY.

Requests—Record must show they were made in writing.

#### 294. PLEADING.

Sufficiency of averments of petition for real estate commission—Need not aver prospect was ready and willing to buy, when states he did buy.

HUGHES, J.

##### Epitomized Opinion

Action by real estate broker to recover commissions for services under a brokerage contractt for the sale of property. The evidence disclosed that the property was listed with Crum to be sold by him upon a commission of 2% and that the price first asked by Kohl was $4,500. Crum took the party who afterwards purchased the property for $4,000 to Kohl, introduced him, and showed him the property. There is some dispute as to who consummated the sale. The Court of Appeals, in affirming the judgment allowing a real estate commission, held:

1. There is sufficient evidence to warrant a finding that Crum furnished a purchaser who actually purchased the property upon terms which he later agreed upon with Kohl.

2. The fact that the petition did not aver that the prospect was ready, able and willing, is not defective when it does aver that the prospect actually did purchase the property upon terms agreed upon.

3. In regard to the special request made before argument, the record does not show that these requests were made in writing and hence they did not conform to the statute, and there was no error in refusing to give them.

Attorneys—L. C. Feighner, for Kohl E. Vollrath, for Crum.

---

### No. 759

### CINCI. TRACTION CO. v. REILLY

Ohio Appeals, 1st District, Hamilton County
No. 2144. Decided May 21, 1923

#### 323. RES ADJUDICA.

Former holding of Court of Appeals stands, as higher court will not consider a case on question of weight of evidence, once reversed by it on that point—If charge in second trial on measure of damages was substantially same as in first trial, although imperfect, it would stand, under the doctrine of "the law of the case."

HAMILTON, J.

##### Epitomized Opinion

Reilly sued Traction Co. for damage to his automobile, which was struck by one of its street cars. The case was tried for the first time some year previous and resulted in a verdict of $1,200 for Reilly. The Court of Appeals reversed the judgment on the ground that the verdict was not sustained by sufficient evidence. At the second trial the jury returned a verdict for $1,500 and judgment was rendered thereon. Reversal is asked by the Traction Co. on the ground that the verdict and judgment are against the weight of the evidence and the charge of the court on the measure of damages is erroneous. In affirming the judgment, the Court of Appeals held:

1. "The question as to the weight of the evidence cannot be considered, since the case was formerly reversed on the weight of the evidence by this court. See 11577 GC."

2. As to the charge on the measure of damages the charge given at the second trial was substantially the same charge as given at the first trial and this court held that that charge was not erroneous. Therefore, if the charge was imperfect, the ruling of the court in the former trial would be binding under the doctrine of the "law of the case." But the court in the charge gave in substance the correct rule applicable to such cases.

Attorneys—H. K. Rogers, for Traction Co.; Jackson & Woodward, for Reilly.